IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CONWAY DIVISION

| | | |
|---|---|---|
| PLAINTIFF(S)<br>Matthew Monette | ) | CIVIL ACTION No.: 4:26-cv-1536-JD-MGB |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | (Jury Trial Requested) |
| DEFENDANT(S) | ) | |
| PopStroke Holdings, LLC | ) | |
| | ) | |

## INTRODUCTION

This case arises from Defendant's decision to remove, isolate, and ultimately terminate a successful General Manager after learning he was in a same sex relationship. What followed was not legitimate performance management, but a coordinated withdrawal of support, exclusion from decision-making, and the creation of a paper record designed to justify a pre-determined outcome. Defendant's reasons for termination have shifted repeatedly, beginning with vague references to "policy violations," then pivoting to financial performance[1], and ultimately expanding to a series of allegations never documented during Plaintiff's employment. At the same time, Defendant forced Plaintiff's partner to resign, tolerated comparable or more serious conduct by other managers, and withheld earned compensation from Plaintiff while paying others.

## JURISDICTION AND VENUE

1.　　This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

2.　　This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.　　Venue is proper in this District under 28 U.S.C. § 1391.

## PARTIES

4.　　Plaintiff Matthew Monette is a resident of South Carolina.

5.　　Defendant PopStroke Holdings, LLC is an employer within the meaning of Title VII and conducts business in South Carolina.

---

[1] This reasoning collapses in view of plaintiff's comparator(s).

## ADMINISTRATIVE EXHAUSTION

6.      Plaintiff filed a timely Charge of Discrimination with the EEOC.

7.      The EEOC issued a Notice of Right to Sue, and this action is timely filed.

## FACTUAL ALLEGATIONS

8.      Plaintiff was employed as General Manager of Defendant's Myrtle Beach location.

9.      Plaintiff had significant experience in the local market and was specifically relied upon to manage seasonal fluctuations in business.

10.     Plaintiff performed his duties competently and received positive feedback, including during a one-on-one evaluation with Defendant's operations manager shortly before his termination.

11.     Plaintiff was not placed on a performance improvement plan, written up, or formally disciplined.

12.     Plaintiff was in a same-sex relationship with another employee.

13.     Plaintiff did not hire or promote this individual.

14.     Defendant had no written policy prohibiting such relationships, and no such policy was consistently enforced.

15.     After Defendant became aware of Plaintiff's relationship, Plaintiff was instructed that his partner would have to resign.

16.     Plaintiff complied.

17.     Following this disclosure, Plaintiff's working conditions materially deteriorated.

18.     Plaintiff was excluded from communications, including operational directives conveyed to other managers but not to him.

19.     Plaintiff's supervisor ceased direct communication with him and instead relayed instructions through subordinate managers.

20.     Plaintiff was excluded from group communications used by management.

21.     Plaintiff was subjected to comments referencing his "personal life choices."

22.     The exclusion, isolation, and derogatory comments directed toward Plaintiff were ongoing and repeated throughout the final months of his employment, occurring on a near-daily basis. This conduct interfered with Plaintiff's ability to perform his duties as General Manager by depriving him of necessary information, communication, and managerial authority.

23.     The conduct was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment, creating an environment that was intimidating, hostile, and objectively abusive to a reasonable person in Plaintiff's position.

24.     Plaintiff raised concerns about his treatment but received no meaningful response.

25.     Defendant failed to investigate or remediate Plaintiff's concerns.

26.     Shortly thereafter, Plaintiff was terminated.

27.     At termination, Plaintiff was given vague and inconsistent reasons.

28.     Defendant subsequently asserted different and evolving justifications, including financial performance and alleged misconduct.

29.     These allegations were not documented during Plaintiff's employment and were not communicated to him prior to termination.

30.     Defendant selectively enforced alleged policies and treated similarly situated managers more favorably.

31.     Plaintiff alleges that similarly situated managers outside his protected class engaged in actual misconduct, including cohabiting with employees, failing to meet performance expectations, and engaging in workplace misconduct, yet were not terminated or disciplined, wherein Plaintiff denies any misconduct on his part. These individuals were treated more favorably under materially similar circumstances.

32.     Defendant withheld Plaintiff's earned bonus while paying other managers following separation.

33.     Defendant later revised its policies and required employee acknowledgment after Plaintiff's termination.

34.     Plaintiff has suffered economic loss, emotional distress, and other damages.

35.     Defendant's reasons for Plaintiff's termination have materially shifted over time, including reliance on alleged policy violations, financial performance, and post hoc misconduct allegations, none of which were contemporaneously documented or communicated to Plaintiff prior to his termination.

36.    Statements by Defendant's managerial employees referencing Plaintiff's "personal life choices" were made in connection with adverse treatment and reflect discriminatory animus based on Plaintiff's sexual orientation.

## FIRST CAUSE OF ACTION
### Discrimination on the Basis of Sex (Title VII)

37.    Plaintiff incorporates the preceding paragraphs.

38.    Defendant discriminated against Plaintiff because of his sex, including sexual orientation.

39.    Defendant's actions include disparate treatment, forced separation from his partner, and termination.

40.    Defendant's stated reasons are pretextual.

## SECOND CAUSE OF ACTION
### Hostile Work Environment (Title VII)

41.    Plaintiff incorporates the preceding paragraphs.

42.    Plaintiff was subjected to unwelcome conduct based on his sex and sexual orientation.

43.    This conduct included exclusion, isolation, and derogatory remarks.

44.    The conduct was severe or pervasive enough to alter the conditions of employment.

45.    Defendant knew or should have known of the conduct and failed to take corrective action.

## THIRD CAUSE OF ACTION
### Breach of Contract

46.    Plaintiff incorporates the preceding paragraphs.

47.    Defendant maintained employee handbooks, policies, and written guidelines governing the terms and conditions of Plaintiff's employment, including compensation, disciplinary procedures, and standards of treatment. These materials constituted enforceable promises and representations upon which Plaintiff reasonably relied in the performance of his duties. Defendant breached these obligations by failing to adhere to its own stated policies and

procedures, including but not limited to the fair and consistent application of disciplinary standards, the provision of earned compensation, and the treatment of Plaintiff in accordance with the policies set forth in its handbook.

48.     Plaintiff accepted and continued his employment in reliance on these policies and representations, which formed part of the terms and conditions of his employment.

49.     Defendant entered into an agreement with Plaintiff, including written and/or oral terms, providing for compensation in the form of wages and bonus payments tied to performance and continued employment.

50.     At the time of his termination, Plaintiff had satisfied the conditions required to earn a bonus, as reflected in Defendant's representations and/or separation documentation acknowledging such entitlement.

51.     Defendant made promises and representations regarding compensation, including bonus payments.

52.     Defendant made additional promises regarding the administration and payment of bonus compensation and the consistent application of its policies and procedures.

53.     Plaintiff performed his obligations.

54.     Defendant breached by failing to pay earned compensation.

**FOURTH CAUSE OF ACTION**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

55.     Plaintiff incorporates the preceding paragraphs.

56.     To the extent a contract existed between the parties, including through Defendant's policies, handbook, and compensation structure, Defendant owed Plaintiff a duty of good faith and fair dealing in carrying out those obligations. Defendant breached that duty by acting in bad faith to deny Plaintiff the benefits of that agreement, including earned compensation, through inconsistent and pretextual enforcement of its policies.

57.     Defendant breached the implied covenant of good faith and fair dealing inherent in the parties' agreement by acting in bad faith to deprive Plaintiff of the benefits of that agreement, including earned compensation, through manufactured and pretextual reasons for termination.

58.     Additionally, Defendant owed Plaintiff a duty of good faith and fair dealing in the performance and enforcement of its contractual obligations, including those arising from its compensation policies, handbook provisions, and representations regarding bonus eligibility. Defendant breached this duty by acting in bad faith to deprive Plaintiff of the benefits of the agreement, including by manufacturing pretextual reasons for termination, selectively enforcing policies, and withholding earned compensation.

59.     Defendant exercised its discretion in bad faith by manufacturing reasons for termination and withholding compensation.

60.     Plaintiff was damaged as a result.

## FIFTH CAUSE OF ACTION
### Negligent Supervision and Retention

61.     Plaintiff incorporates the preceding paragraphs.

62.     Defendant knew or should have known that its managerial employees were engaging in conduct constituting harassment and intentional infliction of emotional distress toward Plaintiff.

63.     Defendantt failed to properly supervise or take corrective action.

64.     Defendant's failure to supervise and control its managerial employees made the harm to Plaintiff foreseeable and directly resulted in his injuries.

65.     Plaintiff suffered damages as a result in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

66.     Plaintiff incorporates the preceding paragraphs.

67.     Defendant, through its managerial employees, engaged in extreme and outrageous conduct, including deliberate isolation, public undermining of Plaintiff's authority, discriminatory remarks regarding his personal life, and the coordinated effort to fabricate grounds for his termination.

68.     Defendant acted intentionally or recklessly.

69.     As a direct result of Defendant's conduct, Plaintiff suffered severe emotional distress, including anxiety, humiliation, and mental anguish, requiring treatment and substantially affecting his daily life.

## SEVENTH CAUSE OF ACTION
### Violation of the South Carolina Payment of Wages Act

70.    Plaintiff incorporates the preceding paragraphs.

71.    Defendant failed to pay wages due to Plaintiff, including earned and non-discretionary bonus compensation that had vested prior to his termination.

72.    Defendant's failure was willful.

73.    Defendant's failure to pay these wages was willful and without good faith, entitling Plaintiff to treble damages under the South Carolina Payment of Wages Act and were withheld without issuing any writing explaining why.

74.    As a result of Defendant's willful failure, Plaintiff was damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests:

a. Actual damages, including back pay and front pay
b. Compensatory and punitive damages
c. Treble damages under the SCPWA
d. Attorney's fees and costs
e. Pre- and post-judgment interest
f. Such other relief as the Court deems just

### JURY DEMAND

75.    Plaintiff demands a trial by jury.

**RESPECTFULLY SUBMITTED:**

**The Whitsitt Law Firm**
/s Michael A. Whitsitt
Fed. Bar Number #12505
78 Folly Road Suite B9
#1405
Tele:   8435487551
Email:  Michael@WhitsittLawfirm.com
Charleston, South Carolina 29407
*Attorney for Plaintiff*

April 13, 2026